JAMES DALEY, as Administrator, etc., of WILLIAM H. DALEY, Deceased, Respondent, THE PORT JERVIS, MONTICELLO AND NEW YORK RAILROAD COMPANY, Appellant.

*An open railroad car at a station — an invitation to board the same — negligence.*

Where a car is in its accustomed position at the platform of a railroad station, open and apparently ready to receive passengers, it is an invitation to persons desiring to take the train to enter the car.

APPEAL by the defendant, The Port Jervis, Monticello and New York Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Sullivan on the 25th day of September, 1893, upon the verdict of a jury, rendered after a trial at the Sullivan Circuit, and also from an order entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*Wm. A. Parshall,* for the appellant.

*John W. Lyon,* for the respondent.

HERRICK, J.:

The plaintiff, with his wife and child, went to the depot of the defendant, purchased a ticket for his wife shortly before six o'clock

in the evening, the train which they were to take being scheduled to start at six o'clock.

After purchasing the ticket they proceeded to the platform and there found a car standing with doors open, apparently ready to receive passengers. He and his wife were both accustomed to riding upon the train in question; it was about the time that it was scheduled to start and the car stood at the usual place.

Other passengers were there taking the car; the wife entered the car; following her was another lady, not a member of plaintiff's party, then came the plaintiff with a basket and his infant child; he lifted the child upon the platform of the car, started to get upon it himself, when the car was jerked forward and the child thrown off, sustaining injuries from which it died.

It seems to me that the defendant was clearly guilty of negligence, for the car being in its accustomed position at the platform, open and apparently ready to receive passengers, it was an invitation to the plaintiff to board the train.

The judgment should be affirmed. There is no special principle of law involved which calls for an opinion; the facts are such as to clearly require a submission to a jury and their finding should not be disturbed.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed.